UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JASMIN SANTIAGO,

                 Plaintiff,                    **REPORT & RECOMMENDATION**
                                                 **20 CV 5455 (ENV)(LB)**

     -against-

HOME INFUSION GROUP, INC.,

                 Defendant.
-----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Jasmin Santiago brings this action pursuant to the Fair Labor Standards Act ("FLSA"), the New York Labor Laws, and the New York Human Rights Laws, alleging that defendant Home Infusion Group, Inc. ("Home Infusion") failed to pay overtime, provide plaintiff with proper wage statements, and that defendant created a hostile work environment. Plaintiff moves for partial summary judgment on her claim that defendant provided wage statements with incorrect information in violation of New York Labor Law Section 195 ("N.Y. Lab. Law § 195" or "§ 195"). ECF No. 24. Defendant opposes the motion. ECF No. 24-7. The Honorable Eric N. Vitaliano referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion for partial summary judgment should be denied.

## FACTS[1]

       The following facts are taken from plaintiff's complaint, ECF No. 1 ("Compl."), plaintiff's Local Civil Rule 56.1 Statements of Facts, ECF No. 24-3 ("Pl. 56.1 Stmt."), defendant's

---

[1] Unless otherwise stated, the facts are undisputed.

counterstatement to plaintiff's Rule 56.1 Statement, ECF No. 24-6 ("Def. 56.1 Stmt. Opp'n"), and the exhibits filed by the parties with their summary judgment briefing.[2]

This action arises out of plaintiff's employment at Home Infusion, a pharmacy in Brighton Beach, Brooklyn, where plaintiff was employed as a pharmacy technician for approximately two years until September 2019. Compl. ¶¶ 7–8; 56.1 Stmt. ¶ 1. The instant motion seeks summary judgment claiming the wage statements that defendant provided to plaintiff with each wage payment during her employment were inaccurate. The relevant undisputed facts here are simple. First, the parties agree that the wage statements listed the following employer address:

> Home Infusion Group, Inc.
> 3052 Brighton 1st Street
> Brooklyn, NY 11235-8088

56.1 Stmt. ¶ 2. This address is not a complete mailing address because it lacks the unit number, namely "Suite 301" or "Suite 300." Kiselev Aff. ¶ 8. Second, most of plaintiff's wage statements disclose "40.00 hours" under "earnings." See Pl.'s Ex. A; Def.'s Ex. B.[3]

The parties disagree about how many hours plaintiff actually worked per week. Plaintiff alleges that she regularly worked more than 40 hours per week, typically through her lunch hour

---

[2] Plaintiff's motion includes her attorney David Abrams' Declaration, ECF No 24-1, ("Abrams Decl."), which attaches a representative wage statement as Exhibit A ("Pl.'s Ex. A") and defendant's response to plaintiff's First Set of Interrogatories ("Def. Resp. to Pl.'s Interrog.") as Exhibit B ("Pl.'s Ex. B"). Defendant's opposition includes Home Infusion Group, Inc.'s President Alexander Kiselev's Declaration, ECF No. 24-5 ("Kiselev Decl."), which attaches plaintiff's rate of pay notice as Exhibit A ("Def.'s Ex. A"), a representative wage statement as Exhibit B ("Def.'s Ex. B"), a photograph of the posted business hours as Exhibit C ("Def.'s Ex. C"), a photograph of the punch-clock device as Exhibit D ("Def.'s Ex. D"), a May 14, 2019 email from a supervisor directing plaintiff to punch-in as Exhibit E ("Def.'s Ex. E"), a copy of plaintiff's recorded attendance as Exhibit F ("Def.'s Ex. F"), a copy of a disclosure from plaintiff's counsel stating the claimed overtime dates as Exhibit G ("Def.'s Ex. G"), and an alleged compilation of plaintiff's arrival and departure times based on video surveillance as Exhibit H ("Def.'s Ex. H").

[3] Plaintiff argues this acknowledges 40 "hours of work," 56.1 Stmt. ¶ 3, but defendant states that the 40 hours is "earnings" or hours for which plaintiff was paid. Def. 56.1 Stmt. Opp'n ¶ 3.

and until 6:00 p.m. or 7:00 p.m., but that she was not paid overtime for those hours. Compl. ¶ 10; Abrams Decl. ¶ 3. Plaintiff estimates that she worked 17 hours of unpaid overtime between March and April of 2019. Abrams Decl. at 3 (attachment listing plaintiff's estimated unpaid overtime for April 2019).[4]

Defendant alleges that plaintiff generally worked seven hours per day between 9:00 a.m. and 5:00 p.m., Monday through Friday (35 hours per week), with a one-hour lunch break, for which she was paid, and that plaintiff did not work more than 40 hours per week in any week in March and April of 2019. Kiselev Decl. ¶¶ 4, 13. In response to plaintiff's estimated overtime calculations for March and April 2019, defendant states that he reviewed video surveillance from the business' security system and produced a time log of when plaintiff was recorded entering and leaving Home Infusion's premises. Kiselev Decl. ¶¶ 8–12.[5] Plaintiff responds that this is not an accurate measure of her work hours because she entered and exited defendant's premises multiple times in a day for work related purposes. Abrams Decl. ¶ 9.

## PROCEDURAL HISTORY

Plaintiff filed the instant complaint against defendant on November 10, 2020. ECF No. 1. Proof of service was filed, ECF No. 5, and when defendant failed to timely respond to plaintiff's complaint, plaintiff requested a Certificate of Default, ECF No. 6. Defendant then requested an

---

[4] The Court references the ECF page numbers assigned to the documents throughout this Report.

[5] Defendants allege that plaintiff was instructed to record her arrival and departure time at work using a punch-clock device, but that plaintiff only recorded her attendance through the punch-clock system eight times during her two years of employment, despite being reminded to do so. Kiselev Decl. ¶¶ 5–7.

extension of time to respond to plaintiff's complaint, ECF No. 7, and the Clerk of Court denied plaintiff's request for a Certificate of Default, Feb. 4, 2021 Docket Entry.

Plaintiff's counsel sought to recoup the costs of service of process pursuant to Federal Rule of Procedure 4(d)(2) stating that he sent the waiver of service materials, including a prepaid return envelope, to defendant's principal, Alex Kiselev, and that, when defendant did not return the waiver form, he hired a process server to formally serve defendant via the New York Secretary of State. ECF No. 8. Defendant opposed plaintiff's request, stating that Mr. Kiselev never received the waiver of service because plaintiff failed to include a unit number with the address and that, since there are 48 mailboxes at defendant's address, 3052 Brighton 1st Street, the waiver forms "could have ended up in any one of [the mailboxes]." ECF Nos. 9, 11. Plaintiff responded that the address used on the waiver of service is the same as defendant's official mailing address on file with the New York Department of Labor and defendant's official mailing address on file with the Center for Medicare/Medicaid Services. ECF No. 10.

Under Fed. R. Civ. P. 4(d)(2), if a defendant located within the United States fails to comply with a request for waiver of service made by a plaintiff, the Court shall impose the costs incurred in effecting service on the defendant unless good cause for the failure is shown. See United States v. Jones, No. 11- cv -2869, 2013 WL 6408639, at *2 (E.D.N.Y. Dec. 9, 2013). Since defendant's website plainly listed defendant's full address including the unit number on its "Contact Us" page, and defendant stated that the waiver was not received, I found that defendant had established good cause for failing to comply with plaintiff's request for a waiver of service and denied plaintiff's motion for costs without prejudice. See Feb. 17, 2021 Order.

Defendant answered plaintiff's complaint on February 22, 2021, ECF No. 12, and the Court set deadlines for discovery, ECF No. 13. Plaintiff thereafter moved to compel defendant to produce

4

a wage notice pursuant to New York Labor Law § 195(1)(a) or confirm in writing that a wage notice does not exist. ECF No. 15. The Court granted plaintiff's request and ordered defendant to produce the wage notice. <u>See</u> April 28, 2021 Order.

The parties filed a status report stating that they had been unable to resolve the matter and that they did not believe that mediation would be productive. ECF No. 19. The Court held a settlement conference via Zoom, however, the parties were unable to reach a resolution. <u>See</u> July 1, 2021 Order. The parties were ordered to complete all discovery by October 15, 2021 and to file any pre-motion conference request by October 29, 2021. <u>Id.</u> Plaintiff's fully briefed motion for partial summary judgment was filed on February 11, 2022. ECF No. 24.[6]

## STANDARD OF REVIEW

### I.      Summary Judgment

"Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" <u>Doninger v. Niehoff</u>, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). A fact is material if it is one that "might affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 202 (2d Cir. 2007) (quoting <u>Anderson</u>, 477 U.S. at 248). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all

---

[6] Defendant requested a pre-motion conference to file a cross-motion for summary judgment. ECF No. 23. The request was denied as untimely under Federal Rule of Civil Procedure 56(b). <u>See</u> Feb. 14, 2022 Order.

ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000); see also, Baker v. Home Depot, 445 F.3d 541, 543 (2d Cir. 2006) (resolving all ambiguities and drawing all inferences in favor of the nonmoving party on summary judgment).

If the moving party meets its burden in establishing the absence of any genuine issue of material fact, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact." Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006). The non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252).

## II. The New York Labor Law § 195(3)

New York Labor Law § 195(3), known as the Wage Theft Prevention Act ("WTPA"), provides that every employer shall:

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; . . . and net wages . . . the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

Under the WTPA employees can recover statutory damages for violations. See N.Y. Lab. Law §§ 195(1)(a), 198(1-b). The statutory damages for violating the wage notice requirement in § 195(3) are "$250 dollars 'for each work day that the violations occurred or continue to occur,' not to

exceed $5,000." <u>Pena v. Metro. Wireless Anandpur Inc.</u>, No. 21-CV-2239, 2021 WL 5054368, at *4 (S.D.N.Y. Nov. 1, 2021) (quoting N.Y. Lab. Law § 198(1-d)).

## DISCUSSION

### I.  Employer's Address on Plaintiff's Paystubs

Typically, a WTPA claim alleges that an employer failed to furnish wage statements to a plaintiff. Here, there is no dispute that defendant provided wage statements to plaintiff. However, plaintiff argues that the address listed on the wage statements is not "an accurate address" since it lacks the suite number. ECF No. 24-2, Plaintiff's Motion for Partial Summary Judgment ("Pl.'s Mot.") at 3. Defendant opposes plaintiff's interpretation of the statute and argues that the employer satisfied the address requirement for purposes of New York Labor Law § 195(3). ECF No. 24-4, Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment ("Def.'s Opp.") at 7. For the reasons set forth below, the Court finds that defendant's omission of a suite number on plaintiff's wage statements is *de minimis* and does not rise to a violation of N.Y. Lab. Law § 195(3).[7]

First, plaintiff fails to cite any case to support her position that an employer's address on a wage statement must include the unit number to be complete for the purposes of § 195(3). Nor does plaintiff proffer any support that by "address" the legislature mandated "mailing address" in § 195(3). As with any question of statutory interpretation, the Court must begin with the text of

---

[7] The Court understands plaintiff's counsel's frustration that defendants did not waive service under Federal Rule of Civil Procedure 4(d)(2) and that the Court did not award costs for plaintiff having to pay a process server to effect service based on the omission of the unit number in defendant's address. However, the Court does not encourage this "tit for tat" approach to litigation. Plaintiff moves for summary judgment *as a matter of law* based on this omission under an entirely different statute, yet no law is cited. What is required by one statute may not be required by another. The Court should not grant plaintiff summary judgment based on this wage statement omission.

the statute to determine whether the language at issue has a plain and unambiguous meaning. Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997). A particular statute's "plain meaning can best be understood by looking to the statutory scheme as a whole and placing the particular provision within the context of that statute." Saks v. Franklin Covey Co., 316 F.3d 337, 345 (2d Cir. 2003). Here, the wage notice requirement of the statute, subsection one of New York Labor Law § 195, specifically requires that, at the time of hiring, employers shall provide a statement including "the physical address of the employer's main office or principal place of business, *and a mailing address* if different." N.Y. Lab. Law § 195(1) (emphasis added). Section 195(3) does not specify the same requirement for wage statements.[8]

Instead, plaintiff invokes the doctrine of judicial estoppel. Pl.'s Mot. at 4. Specifically, plaintiff argues that because defendant prevailed on plaintiff's application for the reimbursement of service costs and attorney's fees on the ground that plaintiff's counsel mailed the proposed waiver of service to "an incorrect address," ECF No. 9, lacking the unit number, defendant should be estopped from prevailing on its argument regarding the accuracy of the address on plaintiff's pay stubs. See Pl.'s Mot. at 4 ("'[a]bsent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.'") (citing New Hampshire v. Maine, 532 U.S. 742, 749 (2001)).

However, as appealing as this argument may seem to plaintiff, defendant has not asserted two inconsistent legal theories. The requirements under the state statute at issue and the cited Federal Rule of Civil Procedure are different. As discussed above, § 195(3) does not explicitly require that employers list a full mailing address. By contrast, under Federal Rule 4, it is plaintiff's

---

[8] Defendant provided plaintiff with a wage notice, as required by N.Y. Lab. Law § 195(1). See Def.'s Ex. A. The address listed on the wage notice provided to plaintiff includes the employer's unit number. Id.

burden to properly serve defendant with the summons and complaint. Fed. R. Civ. P. 4(c)(1). The waiver of service form, which plaintiff addressed omitting defendant's unit number, did not reach defendant's principal. The Court therefore denied plaintiff's motion to impose the costs of service of process on defendant. <u>See</u> Feb. 17, 2021 Order. That is not a basis for judicial estoppel here. Accordingly, I recommend that plaintiff's motion for summary judgment regarding the wage statements defendant provided to plaintiff should be denied.[9]

## II. Hours Disclosed on the Wage Statements

Plaintiff also moves for summary judgment on the claim that her employer failed to accurately disclose the number of hours plaintiff worked on plaintiff's wage statements pursuant to New York Labor Law § 195(3). As set forth below, because there is a genuine issue of material fact as to the hours plaintiff worked, and by extension, as to defendant's compliance with § 195(3), plaintiff's motion for summary judgment on this claim should be denied.

Section 195(3) "requires that employers provide a 'statement with every payment of wages, listing information about the rate and basis of pay, any allowances and deductions, and the employer's identity and contact details.'" <u>Kone v. Joy Constr. Corp.</u>, No. 15-CV-1328, 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016) (quoting <u>Canelas v. A'Mangiare, Inc.</u>, No. 13-CV-3630, 2015 WL 2330476, at *5 (S.D.N.Y. May 14, 2015)). Where applicable, the statements must also include the employee's "regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." N.Y. Lab. Law § 195(3).

---

[9] Defendant is now on notice that the addresses it lists on its website, on wage notices to employees, on wage statements to employees, and with the New York State Department of Labor are inconsistent. Defendant should fix this. It is a far better business practice to use a consistent /full mailing address across the board.

Courts in this district have held that the New York Labor Law's legislative objective is the furnishing of *accurate* wage statements. See, Copper v. Cavalry Staffing, LLC, 132 F. Supp. 3d 460, 467–69 (E.D.N.Y. 2015) (finding as a matter of first impression that § 195(3) requires that wage statements contain an accurate account of overtime hours an employee actually *worked*, rather than just a statement of the overtime hours for which the employee is being paid); see also Pierre v. Hajar, Inc., No. 15-CV-02772, 2018 WL 2393158, at \*19 (E.D.N.Y. Mar. 14, 2018) (denying defendants' motion for summary judgment because "accuracy is the objective" of § 195(3) and there was a genuine issue of material fact as to the accuracy of the hours listed on plaintiff's wage statement); Rojas v. Splendor Landscape Designs Ltd., 268 F. Supp. 3d 405, 412–13 (E.D.N.Y. 2017) (granting summary judgment to plaintiffs where it was "undisputed that the wage statements furnished to Plaintiffs were inaccurate in that they did not reflect all of the hours worked by Plaintiffs. . . "); Carter v. Tuttnaeur U.S.A. Co., 78 F. Supp. 3d 564, 570 (E.D.N.Y. 2015) (denying summary judgment on a § 195(3) claim where "there exists a genuine issue of material fact as to whether the defendant properly documented the plaintiff's overtime pay").

Since accuracy is the objective of § 195(3), whether the wage statements comply with the statute turns on the question of how many hours plaintiff actually worked. Defendant's position regarding how many hours plaintiff worked is complicated by the fact that Home Infusion does not have time records for plaintiff and instead expects to rely on video tapes from defendant's security surveillance system to establish when plaintiff worked. Plaintiff contests the accuracy of defendant's calculations of her hours as she alleges that she entered and left the Home Infusion worksite multiple times per day for work-related purposes.

Although defendant proffers that plaintiff failed to clock in and out of the punch system that did keep track of employee's work hours at Home Infusion, it is the employer's responsibility

to maintain accurate records of each non-exempt worker's hours worked. See 29 CFR § 516.2;

N.Y. Lab. Law § 195(4) (requiring "[e]very employer [to] . . . establish, maintain and preserve . .

. true, and accurate payroll records showing for each week worked the hours worked; the rate or

rates of pay and basis thereof . . . ; gross wages; deductions; allowances, if any, claimed as part of

the minimum wage; and net wages for each employee"). "At summary judgment, if an employer's

records are inaccurate or inadequate, an employee need only present 'sufficient evidence to show

the amount and extent of [the uncompensated work] as a matter of just and reasonable inference.'"

Kuebel v. Black & Decker Inc., 643 F.3d 352, 362 (2d Cir. 2011) quoting Anderson v. Mt. Clemens

Pottery Co., 328 U.S. 680, 687–88 (1946). An employee's burden in this regard is not high and

can be met "through estimates based on his own recollection." Kuebel, 643 F.3d at 362.

       Here, plaintiff argues that since she alleges that she worked more than 40 hours per week

and defendant alleges that she worked fewer than 40 hours per week, there is no dispute that

plaintiff did not work exactly 40 hours per week, as her wage statements disclose. Pl.'s Mot. at 4.

Defendant argues that the wage statements are accurate because they reflect "earnings," not hours

worked, and that the 40 hours of earnings per week are for 35 hours of work, plus a one-hour lunch

break each day, for which the employer chose to compensate plaintiff. Def.'s Opp at 5–7. The

record reflects an inconsistency between the hours plaintiff estimates that she worked, the hours

defendant calculated that she worked based on the review of the video surveillance, and the 40

hours listed on plaintiff's wage statements. For example, the week of March 11, 2019 through

March 15, 2019, plaintiff alleges that she worked 7.5 hours of overtime that is unpaid. Abrams

Decl. at 3. That same week, defendant alleges that that plaintiff spent a total of 39 hours and 7

minutes "at work." Kiselev Aff. ¶ 12. Plaintiff's wage statement for this period presumably states

that plaintiff worked 40 hours which is, as plaintiff argues, inaccurate by either party's

estimation.[10] Since a genuine issue of material fact is in dispute, namely, the hours that plaintiff actually worked, and therefore, whether the wage statements are accurate, I respectfully recommend that plaintiff's motion for summary judgment on this issue should be denied.[11]

## CONCLUSION

For the reasons set forth herein, it is respectfully recommended that plaintiff's motion for summary judgment should be denied.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human

---

[10] The parties have only filed one wage statement for the period March 2, 2019 to March 8, 2019 as an example with this motion. The parties state that it is "representative" and that "most" of the wage statements disclose 40 hours of work per week. See Pl's Ex. A.

[11] In response to plaintiff's claim that the wage statements are inaccurate, defendant raises the defense that the "complete and timely payment of all wages … serves as an affirmative defense to a wage notice or wage statement claim." N.Y. Lab. Law §§ 198(1-b). This too turns on the parties' factual dispute of how many hours plaintiff actually worked.

Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: June 7, 2022
        Brooklyn, New York

13