```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JASMIN SANTIAGO,                                              :
                                                              :
                                         Plaintiff,           :              MEMORANDUM & ORDER
                                                              :
                      -against-                               :              20-cv-5455 (ENV) (LB)
                                                              :
HOME INFUSION GROUP, INC.,                                    :
                                                              :
                                         Defendants.          :
------------------------------------------------------------- x
```

VITALIANO, D.J.

Plaintiff Jasmin Santiago brought this action, pursuant to the Fair Labor Standards Act ("FLSA"), New York Labor Law, and New York Human Rights Law, alleging that defendant Home Infusion Group, Inc. ("Home Infusion") failed to pay overtime or provide plaintiff with proper wage statements, and created a hostile work environment. *See* Compl., Dkt. 1. Presently before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Lois Bloom recommending that the Court deny plaintiff's motion for partial summary judgment on Santiago's claim that Home Infusion provided wage statements with incorrect information in violation of New York Labor Law Section 195 ("N.Y. Lab. Law § 195" or "§ 195"). *See* R&R, Dkt. 26.

Plaintiff filed timely written objections to Judge Bloom's R&R on June 21, 2022. Pl. Obj., Dkt. 27. After careful consideration, and for the following reasons, plaintiff's objections are overruled and the R&R is adopted in its entirety as the opinion of the Court.

## Background

The parties agree on two key facts. First, the wage statements that Home Infusion provided to Santiago listed the following employer address:

1

>Home Infusion Group, Inc.
>
>3052 Brighton 1st Street
>
>Brooklyn, NY 11235-8088

Pl. 56.1 Stmt., Dkt. 24-3 ¶ 2; Def. 56.1 Stmt. Obj'n., Dkt. 24-6 ¶ 2.  Second, most of Santiago's wage statements indicate "40.00 hours" under "earnings."  *See* Kiselev Aff. Ex. B.  The parties' agreement on the facts stops there.

Santiago alleges that she regularly worked more than 40 hours per week because she typically worked through lunch and stayed late each day.  Compl. ¶ 10.  Defendant, relying on video surveillance footage of plaintiff entering and leaving the building, denies that plaintiff worked any extra hours and alleges that plaintiff generally worked between 9:00a.m. and 5:00p.m., Monday through Friday, including a paid one-hour lunch break each day (amounting to 40.00 hours of earnings each week).  Compl. ¶¶ 10–11; Kiselev Aff. ¶¶ 4, 13.  Plaintiff argues that defendant's use of video surveillance footage to determine her working hours is inaccurate because she left and returned to defendant's premises multiple times a day for work-related purposes.  Santiago Aff., Dkt. 24-8, ¶¶ 8–9.

Standard of Review

Summary judgment shall be granted in the absence of a genuine dispute as to any material fact and upon the movant's showing that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  "[A] fact is material if it 'might affect the outcome of the suit under the governing law.'"  *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of the City of New York*, 746 F.3d 538, 544 (2d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The movant carries the burden of demonstrating there is no genuine dispute as to any material fact, *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005), and the motion court will resolve all ambiguities and draw all permissible factual inferences in the light most favorable to the party opposing the motion. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

A motion for summary judgment may be referred to a magistrate judge for report and recommendation. Upon receiving the R&R from the magistrate judge, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any objection, the district court need only be satisfied that there is no clear error on the face of the record. *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Should a party timely object to any portion of the proposed findings and recommendations, the district court must conduct a *de novo* review of those portions properly objected to. Fed. R. Civ. P. 72(b)(2)–(3). Importantly, "objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018); *Barratt v. Joie*, 2002 WL 335014, *1 (S.D.N.Y. Mar. 4, 2002). "General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *New York City Dist. Council of Carpenters*, 335 F. Supp. 3d at 351. Conversely, but to the same effect, "[i]n this district and circuit, it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *Id.* (citation omitted).

3

Discussion

Plaintiff filed a motion for summary judgment on her claim that defendant violated § 195(3) by inaccurately stating the number of hours she worked on her wage statements. The statute requires employers to furnish employees with wage statements that list "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked," in addition to certain other basic information. N.Y. Lab. Law § 195(3). Plaintiff, in her objection, argues there is no genuine issue of material fact because both parties claim that plaintiff did not work 40 hours per week as most of her wage statements indicate. Pl. Obj. at a1. While Santiago argues she regularly worked over 40 hours per week, Home Infusion claims that she worked approximately 35 hours per week, with paid lunch breaks (amounting to earnings for 40 hours per week). Def.'s Opp. Mem., Dkt 24-4, at 6. Judge Bloom found that plaintiff's motion should be denied "because there is a genuine issue of material fact as to the hours plaintiff worked, and by extension, as to defendant's compliance with § 195(3)." R&R 9.

The legislative objective animating § 195(3) requires the employer to furnish wage statements that accurately reflect the number of hours an employee worked. *See Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 467–69 (E.D.N.Y. 2015); *Pierre v. Hajar, Inc.*, 2018 WL 2393158, at *6 (E.D.N.Y. Mar. 14, 2018). As such, the determination of the number of hours that plaintiff worked is crucial in determining whether the wage statements comply with § 195(3). *Pierre*, 2018 WL 2393158, at *6. Stated differently, where the employer affirms that the hours reflected on the wage statement are accurate, a genuinely disputed fact will bar summary judgment on a § 195 claim.

In that context, though, it is an employer's responsibility to maintain accurate records of

4

their employees' hours worked.  29 CFR § 516.2; N.Y. Lab. Law § 195(4) (requiring "[e]very employer [to] . . . establish, maintain and preserve . . . true, and accurate payroll records showing for each week worked the hours worked; the rate or rates of pay and basis thereof . . . ; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages for each employee").  Significantly, "at summary judgment, if an employer's records are inaccurate or inadequate, an employee need only present 'sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference.'"  *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).  An employee's burden in this regard is not high and can be met "through estimates based on his own recollection."  *Kuebel*, 643 F.3d at 362.  Once met, the burden then shifts to the employer, who must present either "evidence of the precise amount of work performed or [ ] evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."  *Anderson*, 328 U.S. at 687-88; *see also Kuebel*, 643 F.3d at 362.

  Here, defendant does not have adequate time records for plaintiff's hours worked, so plaintiff's allegations that she worked more than 40 hours per week, based on her own recollection, meets her burden of proof unless other admissible evidence in the record contravenes the reasonableness of the inference to be drawn from her recollections.  *Pierre*, 2018 WL 2393158, at *4.  Put another way, without more, Santiago's recollection could support the entry of summary judgment in her favor on this issue.  But, there is more.  Home Infusion has submitted rebuttal evidence, including a time log that defendant produced based on video surveillance footage showing plaintiff entering and leaving the business.  Kiselev Decl. ¶¶ 8–12.

  Plaintiff persists that the paystubs are inaccurate as a matter of law, because she argues that she worked more than 40 hours per week, while defendant alleges that she worked 35 hours

5

per week with a paid lunch hour. Pl. Obj. at 1; Def.'s Opp'n. Mem. at 5–6. Since the pay stubs reflect the employer's version of the hours worked by Santiago, the §195 claim can only be determined after determining the accuracy of the conflicting hours worked. Given that, as Judge Bloom found, both parties have supplied contradictory evidence as to hours worked, the trier of fact must evaluate and resolve the conflicting evidence. In short, the putative objection merely regurgitates the argument plaintiff made before Judge Bloom. It is not a proper objection, and the R&R on the point is subject to clear error review. *New York City Dist. Council of Carpenters*, 335 F. Supp. 3d at 351. But, even if it was a proper objection subject to *de novo* review, it would be overruled.

Plaintiff's other putative objection fares no better. It centers on Judge Bloom's finding that defendant should not be judicially estopped from prevailing on its argument that its address on the wage statement is accurate under § 195(3). Pl. Obj. at 1-2. Wage statements are required to include the "address . . . of the employer," but not specifically the mailing address. N.Y. Lab. Law § 195(3). Here, Home Infusion did include their business address on the wage statement. The fact that the mailing address for the purpose of Federal Rule 4 does not match the stated business address for the purpose of §195(3) is not the type of inconsistency that mandates judicial estoppel. Judicial estoppel is applied when a party "assumes a certain position in a legal proceeding" and thereafter "assume[s] a contrary position." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (cleaned up). Judge Bloom correctly found that Home Infusion has not taken inconsistent positions regarding its address and is not judicially estopped from arguing the propriety of the address it used on the wage statement. Finally, to the extent that Santiago's policy objection regarding the usefulness of Rule 4 waivers of process is even proper, *see New York City Dist. Council of Carpenters*, 335 F. Supp. 3d at 351, it is

meritless.

In sum, whether measured by the clear error or *de novo* standard, Santiago's objections are without merit and Judge Bloom's R&R reaching that conclusion is correct, well-reasoned, and free of any clear error.

Conclusion

For the foregoing reasons, the Court adopts Judge Bloom's R&R in its entirety as the opinion of the Court. Plaintiff's motion for partial summary judgment is denied.

So Ordered.

Dated: Brooklyn, New York
       December 8, 2022

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge